UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD KIRKWOOD,
        Plaintiff,

   v.                                          Case No.     06-C-139, 06-C-140
                                                                       06-C-141, 06-C-153
                                                                       06-C-154, 06-C-155

DR. SIRIN, et al.
        Defendants.

**CONSOLIDATED MEMORANDUM AND ORDER**

      Between February 2 and 6, Plaintiff Kirkwood filed six civil rights complaints under 42 U.S.C. § 1983, alleging that various standards of care were violated and that jail staff at the Milwaukee Secure Detention Facility were negligent or intentionally causing the plaintiff harm. For present purposes, I will address each of the plaintiff's lawsuit in this consolidated order. I conclude that five of the six cases must be dismissed summarily, but that one may proceed.

**I. In forma pauperis status**

      Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $3.00 in each of his cases. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed in forma pauperis therefore will be granted as to each of the plaintiff's six cases.

**II. Screening under 28 U.S.C. § 1915A**

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Each of the plaintiff's six lawsuits consists of a § 1983 complaint on the court's form; instead of setting forth his legal theory or factual basis for the claims, the plaintiff has directed the reader to the applicable Notice of Injury and Claim which he filed with the state attorney general. Thus, the complaints themselves consist largely of the Notices that the plaintiff filed with the state. I will now address each complaint separately.

**06-C-139, Kirkwood v. Sirin**

This case is lodged against a Dr. Sirin for allegedly inadequate medical care received by the plaintiff after he fell in his cell. The complaint fails to state a claim under § 1983, however. First, the bulk of the facts set forth in the plaintiff's Notice have nothing at all to do with Dr. Sirin. By and large, the complaint is that when the plaintiff fell in his cell on April 22, 2005, the staff failed to respond quickly when he pressed the emergency button. It also seemed to take too long to get a medical appointment. The only facts relevant to Dr. Sirin, who saw the plaintiff on May 3, are as follows:

> [Sirin] called me to his office to tell me something that I already knew, that I had arthritis degenerative [illegible] disease of the spine. I already knew that. All this time, since April 22, 2005, until now I still don't know my injury. This Dr. Sirin put me on Nurotin and 600 mg ibuprofen, but no medical treatment. I ask for $250,000 for failure to observe the standard of care required by law under the circumstance. Negligence is committed.

(Compl. at 4.)

This set of facts, even if completely true, does not state a claim under § 1983. All that is alleged (both explicitly and implicitly) is negligence, and that is not a constitutional violation. There is simply nothing in the complaint that would transform this standard medical complaint into a violation of the Constitution, and for that reason it does not belong in federal court. Accordingly, the complaint in this case is summarily dismissed under § 1915A.

**06-C-140**, **Kirkwood v. C.O. Petit**

In this complaint, the plaintiff states that while he was receiving medication from a nurse, defendant corrections officer Petit

> slammed my left hand in the trap, making me drop the cup that had water in it. To release some pressure of my left arm, I put my right arm on the trap for relief and c/o Petit slammed that arm as well. . . . I asked for a nurse, and asked c/o Petit why did he do this he stated that he was stupid!

(Compl. at 4.)

This allegation contains only *de minimis* allegations. As the Supreme Court has noted, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian,* 503 U.S. 1, 9-10, (1992); citing *Johnson v. Glick,* 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). Instead, the Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of

4

physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.'" *Hudson,* 503 U.S. at 9-10 (citations omitted).

Reading the complaint liberally, at worst a prison guard gratuitously slammed a small door on the plaintiff's hand while the plaintiff was apparently trying to get his medication. If that is true, the officer's conduct was uncalled-for and unprofessional. But it does not rise to the level of conduct that is "repugnant to the conscience of mankind"–indeed, though it is not encouraged or praiseworthy behavior, one expects that similar events occur hundreds of times each day in prisons and jails throughout the country. To transform these trifles into constitutional claims would neither be justifiable under existing precedent nor practicable. The complaint is therefore dismissed.

**06-C-141, Kirkwood v. Nurse Tasha**

This complaint states that a nurse and staff gave the plaintiff the wrong medication on May 18, 2005. Instead of receiving his usual hyproclorithizide, he was issued a pill of hydroxyzine, which apparently is a controlled substance. When he took the pill the next morning, he experienced an elevated heart rate and felt "drunk." He asked for medical attention and was told he was "faking" it. When the second shift came on duty that day, staff confiscated his pills, although the plaintiff states he wanted to keep them as evidence that someone was trying to kill him.

As with the first complaint, this claim sets forth no more than ineptitude, or, as the plaintiff calls it, negligence. Deliberate indifference to an inmates' medical needs can clearly constitute a constitutional violation, but the facts the plaintiff sets forth amount to no more than being issued the wrong pill one day. Indeed, according to his complaint, that is the sole basis of his claim: "Nursing along with staff did in fact give me the wrong medication." (Compl. ¶ 3.) Accordingly,

because the complaint sets forth nothing more than negligence, it does not state a claim under § 1983 and will be dismissed.

### 06-C-153, Kirkwood v. Wali Shakoor

In this case, the plaintiff states that Nurse Shakoor deliberately held-up the plaintiff's medical care. He had filed a series of requests for medical attention in April and May 2005 but received no care, nor any confirmation that his request slips had been received. One day Nurse Shakoor came to his cell and read all fifteen of his requests to him aloud, apparently in an attempt to chastise the plaintiff. Apparently she either thought he was being a pest or was simply overreacting. In any event, the plaintiff alleges that she deliberately interfered with treatment he required for an injury to his neck and caused him pain.

Seen in light of the other complaints the plaintiff has filed, there is reason to doubt plaintiff's claim: either dozens of jail staff members were repeatedly wrong that the plaintiff was "faking" or overstating his complaints, or he actually was in need of medical care. I am unable to determine from the complaint, however, whether the injury plaintiff referred to is a "serious medical need," and it is not the court's role, especially at the pleading stage, to assess the credibility of the plaintiff. I thus cannot say that this claim is so fantastic that it should be dismissed summarily. If true, the complaint states that a nurse deliberately interfered with treatment necessary to alleviating the plaintiff's pain, and that would at least make out a claim for deliberate indifference. Accordingly, this complaint will not be dismissed.

### 06-C-154 Kirkwood v. Sirin

Like 06-C-139, this complaint is also leveled at Dr. Sirin, although once again the connection to this defendant is hard to discern. The plaintiff complains that he did not receive

6

medication for his glaucoma; standing in his way in this instance was not Nurse Shakoor but an ICE examiner named Kelly Salinas, who believed the plaintiff was making false claims and therefore refused to investigate the glaucoma issue. Ultimately, the plaintiff's opinion is that Salinas would put her talents to better use by cleaning bathrooms rather than investigating inmate claims. But again, this has no relation whatsoever to the defendant Dr. Sirin or any medical staff, and accordingly the claim will be dismissed summarily under § 1915A.

**06-C-155 Kirkwood v. Heski**

In this final complaint, the plaintiff alleges he was incarcerated in an observation cell for some four months when he should only have been held there for one week. He asserts that it could not have been the result of a simple mistake because he asked various staff why he was still in observation (they laughed it off).

This complaint will also be dismissed. Inmates have no liberty interest in being incarcerated in any particular cell or section of a prison or jail. It is only when such incarceration effectuates an atypical and significant hardship in relation to the ordinary incidents of prison life, *Sandin v. Connor,* 515 U.S. 472, 485-86 (1995), that such a liberty interest is implicated.[2] Here, being in an observation cell for four months does not affect a liberty interest. *See Holly v. Woolfolk,* 415 F.3d 678, 680 (7th Cir. 2005) ("being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process.") Accordingly, this complaint is summarily dismissed as well.

---

[2]The plaintiff appears to have been in the MSDF after his supervision was revoked. Thus, because he had been previously convicted the *Sandin* standards apply, whereas had he been a pretrial detainee they might not. *See Holly,* 415 F.3d at 680.

7

**III. Conclusion and order**

Plaintiff's request to proceed in forma pauperis is **GRANTED** in each case. Five of the plaintiff's cases (06-C-139, 140, 141, 154, and 155) are **DISMISSED** pursuant to 28 U.S.C. § 1915A. Case number 06-C-153 will be allowed to proceed. It is **ORDERED** that the clerk enter judgment in the five dismissed cases and document that this has incurred five "strikes" under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the U.S. Marshals Service shall serve a copy of the complaint <u>in case number 06-C-153 only</u>, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

IT IS ORDERED that the defendants shall file a responsive pleading to the plaintiff's complaint in 06-C-153.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined. IT IS FURTHER ORDERED that the administrator at the Milwaukee Secure Detention Facility or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee <u>for each case</u> by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the

8

prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this 9th day of March, 2006.

/s William C. Griesbach
William C. Griesbach
United States District Judge